RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 5/13/11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| OLLIE HARRIS | DOCKET NO. 10-CV-1688; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| TIM WILKINSON, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION
## TO DISMISS DEFENDANTS DAVIS AND HALL

Before the Court is the pro se civil rights complaint (42 U.S.C. §1983) of inmate Ollie Harris filed on October 25, 2010. Plaintiff was granted leave to proceed *in forma pauperis* on December 1, 2010. On January 27, 2011, Plaintiff was ordered to amend his complaint to provide additional factual information and to remedy other deficiencies. He is incarcerated at the Winn Correctional Center (WNC) in Winnfield, Louisiana. Plaintiff names as Defendants Officer Davis, James Rials, and Officer Hall.[1] Plaintiff claims that the Defendants failed to protect him from injury inflicted by another inmate.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that defendants **Davis and Hall** be dismissed from the suit as Plaintiff has failed to present

---

[1]Plaintiff originally named three additional defendants – Wilkinson, Thomas, and Horn. However, those defendants have been terminated from the suit, per Plaintiff's request.

allegations of deliberate indifference against them.

## Facts Alleged

On July 6, 2010, Plaintiff was placed in the WNC Cell Block (Cypress Unit) due to a defiance violation unrelated to this suit. On July 10 or 11, 2010, Plaintiff's cell-mate, Inmate Houston, told Plaintiff that he was in love with Plaintiff. Houston also made sexually explicit remarks and attempted to touch Plaintiff in a sexual manner. [Doc. #7, p.1] Plaintiff rejected Houston's advances, and Houston threatened to harm Plaintiff if he told anyone about the incident. A few minutes later, Plaintiff and his cell-mate engaged in a physical altercation in their shared cell.

Houston called for James Rials, the housing unit manager, who did not personally respond but sent Lt. King to the scene. King removed Plaintiff from his cell and sent Plaintiff to see Rials. Plaintiff told Rials what had occurred, and Rials moved Plaintiff to tier C-2, away from Houston, and he assigned Plaintiff to a cell by himself. [Doc. #7, p.2]

The next day, Inmate Houston had a physical altercation with another inmate on his tier. Houston was moved from that tier and placed on tier C-2 with Plaintiff. Plaintiff was in cell 3, and Houston was in cell 12 or 13. Only fifteen minutes after Houston was moved to Plaintiff's tier, Officer Davis opened all 13 cell doors on the tier for recreation. Inmate Houston ran immediately to Plaintiff's cell, where Plaintiff lay sleeping. Houston clawed

2

Plaintiff's face and mouth with his fingernails, causing severe damage to his right eye and other less serious injuries. [Doc. #7, p.2] Officer Hall issued disciplinary write-ups to Plaintiff and Houston, but Plaintiff was found not guilty after the disciplinary hearing.

### *Law and Discussion*

An official acts with deliberate indifference only if he is aware of facts from which the inference could be drawn that there exists a substantial risk of serious harm to an inmate, and the official actually draws that inference. See Neals v. Norwood, 59 F.3d 530, 533 (5th Cir.1995), citing Farmer v. Brennan, 511 U.S. 825 (1994). Mere negligence does not constitute deliberate indifference. See McClendon v. City of Columbia, 305 F.3d 314 325-26 (5th Cir. 2002). A prisoner must show that the prison officials displayed a reckless disregard for his safety. See Farmer, at 1980.

Plaintiff claims that Rials knew of the verbal and physical altercation between Plaintiff and Houston from the day before. Although Plaintiff also alleges "deliberate indifference" by Davis, he specifically states that Davis, (the officer who opened the cells) did *not* know of the incident that occurred the previous day involving Plaintiff and Inmate Houston. [Doc. #7, p.2] Thus, Plaintiff does not allege facts to support the legal conclusion of "deliberate indifference" by Davis. Nor does Plaintiff allege

3

facts of deliberate indifference on the part of Officer Hall.

## Conclusion

For the foregoing reasons, Plaintiff's claims against Davis and Hall should be dismissed for failing to present factual allegations to support the legal conclusion of deliberate indifference. **Service of process will be ordered on James Rials.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 23rd day of May, 2011.

JAMES D. KIRK
United States Magistrate Judge

4